| | |
|---|---|
| Michael Francis Ram, Esq.<br>**MORGAN & MORGAN**<br>Complex Litigation<br>711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102<br>Tel: 415-358-6913<br>mram@forthepeople.com<br><br>John A. Yanchunis, Esq.<br>*(Admitted Pro Hac Vice)*<br>Ronald Podolny, Esq.<br>*(Admitted Pro Hac Vice)*<br>**MORGAN & MORGAN, P.A.**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel: 813-223-5505<br>jyanchunis@forthepeople.com<br>ronald.podolny@forthepeople.com<br><br>*Attorneys for Plaintiff* | Michelle Zhu (State Bar No. 347741)<br>mzhu@wsblaw.com<br>Jacob P. Wilson (State Bar No. 331448)<br>jwilson@wshblaw.com<br>**Wood, Smith, Henning & Berman LLP**<br>401 Wilshire Boulevard, Suite 1070<br>Santa Monica, California 90401<br>Tel: 310-481-7600<br><br>Christopher J. Seusing *(Pro Hac Vice Forthcoming)*<br>cseusing@wshblaw.com<br>Sean V. Patel *(Pro Hac Vice Forthcoming)*<br>spatel@wshblaw.com<br>**Wood, Smith, Henning & Berman LLP**<br>685 3rd Avenue, 18th Floor<br>New York, NY 10017<br>Tel: 475-755-7050<br><br>*Attorneys for Defendant* |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID RAMIREZ, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>PLEX, INC.,<br><br>      Defendant. | Case No. 25-cv-07884-NW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Plaintiff David Ramirez ("Plaintiffs") and Defendant, Plex, Inc. ("Plex"), pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines (Doc. 6), and Clerk's Notice Resetting Case Management Conference Deadlines Following Reassignment to the Honorable Noel Wise, submit this Joint Case Management Statement as follows:

1. **Jurisdiction and Service:**

**Plaintiff**: The Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(d) because this is a class action wherein the amount of controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one Class Member, including Plaintiff, is a citizen of a state different from Plex to establish minimal diversity. No parties remain to be served.

**Defendant**: The Court lacks subject matter jurisdiction because Plaintiff lacks Article III standing to sue. In the context of data breach litigation, the Ninth Circuit recently held that it "do[es] not recognize a free-roaming common law right to privacy." *Kisil v. Illuminate Educ., Inc.,* No. 23-4114, 2025 WL 2589000, at *1 (9th Cir. Sept. 8, 2025). Accordingly, "[t]he mere fact that [a] plaintiff['s] PII has been stolen does not amount to a concrete injury for which the court can provide a remedy." *Kirsten v. California Pizza Kitchen, Inc.,* No. 2:21-CV-09578-DOC-KES, 2022 WL 1843140, at *3 (C.D. Cal. Mar. 31, 2022). Indeed, "stolen data alone does not confer standing." *In re Cupertino Electric Inc. Litigation*, No. 5:23-CV-04007-BLF, ECF No. 69, at pg. 21 (N.D. Cal. Aug. 14, 2024). "Otherwise, every data breach (or any situation in which one loses control of information) would confer standing, regardless of whether private information is exposed." *I.C. v. Zynga, Inc.,* 600 F. Supp. 3d 1034, 1050 (N.D. Cal. 2022). Rather, in analyzing standing in the context of "data breach cases, courts must examine the nature of the specific information at issue to determine whether privacy interests were implicated at all." *Id.* Here, Plaintiff alleges that only his email, username,

and encrypted password to his free Plex account were potentially exposed in the incident. To that end, "Plaintiff [ ] ha[s] not alleged the disclosure of information that implicates a legally protected privacy interest." *Khamooshi v. Politico LLC,* 786 F. Supp. 3d 1174, 1182 (N.D. Cal. 2025). Courts within this District have continuously dismissed lawsuits for lack of Article III standing where similar information was potentially exposed. *See Zynga*, 600 F. Supp. 3d 1034, 1052–53 ("Given the nature of the information at issue, the Court agrees with [defendant] and finds that the risk of harm…is too conjectural such that they cannot qualify as concrete injuries of fact. For one thing, the Court questions whether criminals would be able to use e-mail addresses, [defendant] usernames and [defendant] passwords,…even collectively, to commit identity theft.").

The Court also lacks personal jurisdiction because Plex is registered in Delaware, and maintains no physical locations or headquarters in California. "The only allegations in [the] complaint regarding [D]efendant['s] ties to California" are that "Defendant's principal place of business is in California" and it "also regularly conducts substantial business in California." *See Lin v. Solta Med., Inc.,* No. 21-CV-05062-PJH, 2021 WL 5771140, at *3 (N.D. Cal. Dec. 6, 2021); *see also* Complaint, ¶¶ 14, 17. However, "mere bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (internal citation omitted).

    2.    <u>**Facts:**</u>

**Plaintiff**: Plex is a corporation that provides video and audio streaming services to over 17 million active users (Complaint, Doc. 1, ¶18). On September 8, 2025, Plex posted on its "Announcements" section of its website a "Notice of Security Incident" explaining that it experienced a security incident during which certain files may have been acquired without authorization. (*Id.* ¶23). Plex informed Plaintiffs that emails, usernames, securely hashed passwords and authentication data were accessed by an unauthorized third party. (*Id.*)

The principal factual issues in dispute are

- Whether Defendant engaged in the conduct alleged in the Complaint;
- Whether Plaintiff and Class Members were damaged by the alleged misconduct;
- Whether an implied contract was formed between Plaintiff and Class Members on the one hand, and Defendant on the other hand, and whether it was breached;
- Whether Plaintiff and Class Members conferred a benefit unto Defendant;
- Whether Defendant realized and retained a benefit conferred by Plaintiff and Class Members; and
- Whether Defendant's retention of the benefit is unjust under the circumstances.

**Defendant:** The Complaint alleges that "Plex is a corporation that provides [free] video and streaming services to customers across the United States" via its website, https://www.plex.tv/ (the "Website"). *See* Complaint, ¶¶ 2, 18, fn. 1. The Complaint alleges that Plaintiff is a "resident [ ] and citizen of Tampa, Florida" and has been a "customer of Plex's streaming services since 2023[.]" *See id*, ¶ ¶16, 81. The Complaint alleges that on September 8, 2025, Plex posted an announcement on its Website that:

> An unauthorized third party accessed a limited subset of customer data…[I]nformation that was accessed included emails, usernames, securely hashed passwords and authentication data [collectively the "Log-In Credentials"]
>
> Any account passwords that may have been accessed were securely hashed, in accordance with best practices, meaning they cannot be read by a third party…Rest assured that we do not store credit card data on our servers, so this information was not compromised in this incident.
>
> We've already addressed the method that this third party used to gain access to the system, and we're undergoing additional reviews to ensure that the security of all of our systems is further strengthened to prevent future attacks.

*See Id.*, ¶ 23. It is Plex's position that the term "authentication data' includes only emails, usernames, and encrypted passwords to an individual's free Plex account. Plaintiff does not allege any instance of identity theft or fraud attributable to the incident.

3. **Legal Issues:**

**Plaintiff:** Plaintiff alleges that Plex was negligent in safeguarding his and class members' personally identifiable information ("PII") (Compl., ¶¶108-124). Plaintiff alleges Plex's conduct constituted negligence *per se*. (*Id.*, ¶¶125-136). Plaintiff alleges that Plex breached an implied contract between Plaintiff and class members, on the one hand, and Plex on the other. (*Id.*, ¶¶137-150). Plaintiff also alleges that Plex was unjustly enriched by the misconduct alleged in the Complaint. (*Id.*, ¶¶151-160) and that it breached its fiduciary duty to the class (*Id.*, ¶¶161-166). Plaintiff also seeks a mandatory injunction to safeguard his and class members' PII from further breaches. (*Id.*, Prayer for Relief, B.)

Plaintiff intends to move for class certification after conducting fact and expert discovery and is confident that his claims meet the requirements of Fed. R. Civ. P. 23(b)(2), (b)(3) and (c)(4).

**Defendant:** As stated above and below, it is Defendant's position that the Court lacks subject matter jurisdiction and personal jurisdiction. It is further Defendant's position that Plaintiff fails to state a claim upon which relief may be granted because Plaintiff fails to allege a legally recognized damages theories. It is also Defendant's position that putative class cannot be certified because it includes uninjured members that similarly lack Article III standing to sue.

4. **Motions:**

**Plaintiff:** If Plaintiff is successful on Defendant's Motion to Dismiss, Plaintiff will bring a motion for certification pursuant to Federal Rule of Civil Procedure 23. Plaintiff may bring other motions, including a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, motions under Federal Rules of Evidence 702-

705, and motions *in limine*, but these motions are too early to contemplate at this juncture.

**Defendant:** In response to the Complaint, Defendant intends to file a Motion to Dismiss, or in the alternative, Motion to Strike the Putative Class allegations, pursuant to Rule 12(b)(1),(3), & (6) and Rule 12(f).  If Plaintiff is successful in opposing the aforementioned Motion, Defendant will oppose Plaintiff's anticipated Motion for Class Certification. Defendant also reserves the right to bring other motions, including a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, motions under Federal Rules of Evidence 702-705, and motions *in limine*.

**5.    Amendment of Pleadings:** The pleadings may be amended further following the Court's ruling on Plex's pending Motion to Dismiss, or in the alternative, Motion to Strike the Putative Class Allegations. Otherwise, the parties, claims, and defenses are not expected to be modified (i.e., added or dismissed).

**Defendant:** Pursuant to Rule 15(a)(1), the pleadings should be amended only once as a matter of right, within 21 days of the filing of Defendant's anticipated Motion to Dismiss, or in the alternative, Motion to Strike the Putative Class Allegations. In all other cases, the pleadings should be amended only via the filing of a successful motion pursuant to Rule 15(a)(2).

**6.    Checklist for Rule 26(f) Conference:** The parties certify that they have reviewed the Court's Checklist for Rule 26(f) Conference.

**7.    Disclosures:** The parties have not served initial disclosures but intend to do so by the February 10, 2026.

**8.    Discovery:** To date, the parties have not yet engaged in discovery but anticipate propounding written discovery and taking depositions. The parties do not currently anticipate any limitations or modifications of the discovery rules, beyond what they may include in a stipulated protective order, ESI protocol, or other discovery related protocols and stipulations.

**Defendant:** As stated above, Defendant intends to challenge subject matter jurisdiction and personal jurisdiction. Accordingly, to promote judicial economy, it is Defendant's position that discovery should be stayed during the pendency of its Motion to Dismiss, or the alternative, Motion to Strike the Putative Class Allegations.

9. **Related Cases:** There are no related cases or proceedings pending before another judge of this Court or before another court or administrative body.

10. **Relief:**

**Plaintiff:** As described in the Complaint. Because discovery has not yet begun and only Defendant has the information needed to establish the size of the class, number of violations, and amount of profits earned, Plaintiff is not yet able to estimate the total amount of damages sought. Plaintiff also seeks declaratory relief to address Defendant's alleged inadequate security measures.

**Defendant:** Defendant seeks the recovery of reasonable fees and costs (including attorneys' fees) in defending this matter.

11. **Settlement:** The parties agree that ADR is premature at this stage, prior to the resolution of the motion to dismiss. The Parties have complied with ADR L.R. 3-5

12. **Scheduling:** The parties agree that setting the schedule is premature pending Defendant's Motion to Dismiss, or in the alternative, Motion to Strike the Putative Class Allegations.

13. **Trial:** Plaintiff has requested a jury trial for all claims. The parties anticipate that ten trial days will be required for the trial of this matter.

14. **Disclosure of Non-Party Interested Entities or Persons:**

**Plaintiff:** Plaintiff certifies pursuant to Civil L.R. 3-15 that, to his knowledge, there are no persons or entities other than the Plaintiff and members of the proposed Class who have a financial or other kind of interest in this proceeding.

**Defendant:** Defendant certifies pursuant to Civil L.R. 3-15 that, to its knowledge, there are no persons or entities other than the Plaintiff and members of the putative class who have a financial or other kind of interest in this proceeding.

15. **Professional Conduct:** All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

16. **Patent Cases:** Not applicable.

17. **Other Matters:** None.

| | |
|---|---|
| Dated: January 13, 2026 | Dated: January 13, 2026 |
| */s/ Ronald Podolny* | */s/ Michelle Zhu* |
| Ronald Podolny, Esq. | Michelle Zhu (State Bar No. 347741) |
| *(Admitted Pro Hac Vice)* | Jacob P. Wilson (State Bar No. 331448) |
| John A. Yanchunis, Esq. | jwilson@wshblaw.com |
| *(Admitted Pro Hac Vice)* | **Wood, Smith, Henning & Berman LLP** |
| **MORGAN & MORGAN, P.A.** | 401 Wilshire Boulevard, Suite 1070 |
| 201 N. Franklin Street, 7th Floor | Santa Monica, California 90401 |
| Tampa, FL 33602 | Tel: 310-481-7600 |
| Tel: 813-223-5505 | |
| jyanchunis@forthepeople.com | Christopher J. Seusing *(Pro Hac Vice Forthcoming)* |
| ronald.podolny@forthepeople.com | cseusing@wshblaw.com |
| | Sean V. Patel *(Pro Hac Vice Forthcoming)* |
| Michael Francis Ram, Esq. | spatel@wshblaw.com |
| **MORGAN & MORGAN** | **Wood, Smith, Henning & Berman LLP** |
| Complex Litigation | 685 3rd Avenue, 18th Floor |
| 711 Van Ness Avenue, Suite 500 | New York, NY 10017 |
| San Francisco, CA 94102 | Tel: 475-755-7050 |
| Tel: 415-358-6913 | |
| mram@forthepeople.com | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January 2026, I electronically filed the foregoing **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Michael Francis Ram, Esq.<br>**MORGAN & MORGAN**<br>Complex Litigation<br>711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102<br>Tel: 415-358-6913<br>mram@forthepeople.com<br><br>John A. Yanchunis, Esq.<br>*(Admitted Pro Hac Vice)*<br>Ronald Podolny, Esq.<br>*(Admitted Pro Hac Vice)*<br>**MORGAN & MORGAN, P.A.**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel: 813-223-5505<br>jyanchunis@theprople.com<br>ronald.podolny@forthepeople.com | **Attorneys for Plaintiff, DAVID RAMIREZ** |

*/s/ Teresa Cabanday*
Teresa Cabanday

40179089.1:12373-0088                -9-
**CERTIFICATE OF SERVICE**