Michelle Zhu (State Bar No. 347741)
mzhu@wshblaw.com
Jacob P. Wilson (State Bar No. 331448)
jwilson@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
401 Wilshire Boulevard, Suite 1070
Santa Monica, California 90401
Tel: 310-481-7600

Christopher J. Seusing (*Pro Hac Vice Forthcoming*)
cseusing@wshblaw.com
Sean V. Patel *(Pro Hac Vice Forthcoming)*
spatel@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, NY 10017
Tel: 475-755-7050
**Attorneys for Defendant, Plex, Inc.**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID RAMIREZ, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> v.<br><br>PLEX, INC.,<br><br>       Defendant. | Case No. 25-cv-07884-NW<br><br>**DEFENDANT PLEX, INC.'S NOTICE OF MOTION TO DISMISS THE PUTATIVE CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE THE PUTATIVE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: Wednesday, April 29, 2026<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Noel Wise |

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that on Wednesday, April 29, 2026 at 9:00 a.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located at San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, CA 95113 Defendant, Plex, Inc. ("Plex" or "Defendant") will, and hereby does, move this Court for an order dismissing the above-captioned lawsuit pursuant to (i) Rule 12(b)(1) for failure to plead facts sufficient to exert subject matter jurisdiction over Plex; (ii) Rule 12(b)(2) for failure to plead facts sufficient to exert personal jurisdiction over Plex; (iii) Rule 12(b)(6) for failure to plead facts sufficient to state a claim for relief. Alternatively, Plex will, and hereby does move this Court for an order striking the putative class allegations pursuant to Rule 12(f) for failure to comply with Rule 23. Alternatively, Plex will, and hereby does move this Court for an order transferring this lawsuit to the District of Delaware or the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). Plex further requests all other relief as this Court deems just and equitable.

The motion is made based on the attached memorandum of points and authorities, the Declarations of Angelo Spenillo and Ricardo Castro, the record in this lawsuit, and such other argument and evidence as may be presented at the time of hearing.

DATED:  January 22, 2026                    WOOD, SMITH, HENNING & BERMAN LLP


By:    _/s/ Michelle Zhu_____
MICHELLE ZHU (SBN: 347741)
CHRISTOPER J. SEUSING
[Pro Hac Vice Forthcoming]
SEAN V. PATEL
[Pro Hac Vice Forthcoming]

## TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ..................................................................................1

II.   STATEMENT OF RELEVANT FACTS .................................................1

III.  THE LAWSUIT MUST BE DISMISSED PURSUANT TO RULE 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF LACKS ARTICLE III STANDING TO SUE..................................................2

    A.    Plaintiff lacks Article III standing to sue because the Sign-In Credentials do not constitute legally protected or sensitive information and cannot be used by a third party to commit identity theft or fraud........................................3

    B.    Plaintiff is not subject to future risk of identity theft or fraud and therefore lacks Article III standing to sue based upon his alternative injury in fact theories. ..........................................................6

IV.   THE LAWSUIT MUST BE DISMISSED PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION BECAUSE (A) PLAINTIFF IS A RESIDENT OF FLORIDA; (B) PLEX IS A FULLY REMOTE CORPORATION REGISTERED IN DELAWARE; AND (C) PLEX HAS NO MINIMUM CONTACTS IN CALIFORNIA. ..................................................6

    A.    The Court lacks general personal jurisdiction because Plex is a fully remote corporation that is registered in Delaware.................................................7

    B.    Plaintiff make no allegation that the Court has specific personal jurisdiction..........8

V.    SHOULD THE COURT DETERMINE THAT THERE IS SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION, THEN THE LAWSUIT SHOULD BE TRANSFERRED TO A DIFFERENT DISTRICT PURSUANT 28 U.S.C. § 1404 BECAUSE (A) THE PARTIES DO NOT RESIDE IN CALIFORNIA AND (B) PLAINTIFF CONSENTED TO THE FORM SELECTION CLAUSE WITHIN PLEX'S TERMS OF SERVICE. ...................................9

    A.    Plaintiff agreed to the forum selection clause within Plex's terms of service, which encompasses her claims.............................................10

    B.    Even if the forum selection clause is not enforceable, the lawsuit should still be transferred to a different district because the parties do not reside in California.............................................12

VI.   SHOULD THE COURT DETERMINE THAT THERE IS SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND PROPER VENUE, THEN THE LAWSUIT MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM BECAUSE (I) THE SIGN-IN CREDENTIALS DO NOT CONSTITUTE LEGALLY PROTECTED INFORMATION; (II) PLAINTIFF FAILS TO ALLEGE PLEX BREACHED A COMMON LAW, CONTRACTUAL, OR STATUTORY DUTY; AND (III) PLAINTIFF FAILS TO ALLEGE THAT HE SUFFERED LEGALLY RECOGNIZED DAMAGES....................13

    A.    Plaintiff's negligence per se claim is legally deficient because (i) it is not

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

recognized as an independent cause of action; and (ii) the Federal Trade Commission Act does not contain a private right of action. ....................................14

B.   Plaintiff's negligence claim is legally deficient because (i) Plex did not owe Plaintiff a common law duty to protect his Sign-In Credentials; and (ii) Plaintiff fails to allege that he suffered legally recognized damages as a result of the incident. ...........................................................................15

   1.   *Plaintiff fails to allege breach of duty.* .......................................16

   2.   *Plaintiff fails to allege actual, nonspeculative damages.* ...........16

C.   Plaintiff's breach of implied contract is legally deficient because (i) Plex did not owe Plaintiff a contractual duty to protect his Sign-In Credentials; and (ii) Plaintiff fails to allege that he suffered legally recognized damages as a result of the incident. ...........................................................................17

   1.   *Plaintiff fails to allege the existence of a contractual duty.* ........17

   2.   *Plaintiff fails to allege actual, nonspeculative damages.* ...........18

D.   Plaintiff's unjust enrichment claim is legally deficient because (i) it is not recognized as an independent cause of action; and (ii) Plaintiff fails to allege that he has no adequate legal remedy. ..........................................19

E.   Plaintiff's breach of fiduciary duty claim is legally deficient because a special relationship did not exist among the parties. ...............................20

VII.   SHOULD THE COURT DETERMINE THAT THERE IS SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND PROPER VENUE, THEN THE PUTATIVE CLASS ALLEGATIONS  MUST BE STRICKEN PURSUANT TO RULE 12(F) BECAUSE THE PUTATIVE CLASS DEFINITION (I) IS OVERLY BROAD; (II) INCLUDES UNINJURED PUTATIVE CLASS MEMBERS THAT LACK ARTICLE III STANDING; AND (III) FAILS TO SATISFY THE RULE 23 REQUIREMENTS..................................................21

VIII.   CONCLUSION ..........................................................................................23

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD. SUITE 1070
SANTA MONICA, CA 90401

# TABLE OF AUTHORITIES

**PAGE**

## CASE

*Abellard v. Stretto, Inc.*
No. 8:24-CV-01030-FWS-JDE, 2025 WL 1674265 (C.D. Cal. Apr. 25, 2025)...................3

*Adams v. Johnson,*
355 F.3d 1179 (9th Cir. 2004)..........................................................14

*Aguilera v. Pirelli Armstrong Tire Corp.,*
223 F.3d 1010 (9th Cir. 2000)..........................................................18

*A.J. Industries, Inc. v. Ver Halen*,
75 Cal. App. 3d 751 (1977).............................................................18

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
571 U.S. 49, 59 (2013) ..............................................................10,13

*Anderson v. Apple Inc.,*
500 F. Supp. 3d 993 (N.D. Cal. 2020) ................................................20

*Ash v. Cvetkov,*
739 F.2d 493, 496 (9th Cir.1984 ......................................................13

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...............................................................14,19

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015)...........................................................19

*Baton v. Ledger SAS*,
740 F. Supp. 3d 847 (N.D. Cal. 2024), *motion to certify appeal granted*,
No. 21-CV-02470-EMC, 2025 WL 1866348 (N.D. Cal. July 7, 2025)..............*passim*

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ..................................................................10

*Berman v. Freedom Financial Network*, LLC,
30 F.4th 849, 855 (9th Cir. 2022).....................................................10

*B.K. v. Eisenhower Med. Ctr.,*
721 F. Supp. 3d 1056 (C.D. Cal. 2024) ..........................................*passim*

*Black v. IEC Grp., Inc.,*
No. 1:23-CV-00384-AKB, 2025 WL 2418799 (D. Idaho Aug. 21, 2025) ..............6

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
582 U.S. 255 (2017) ................................................................................... 9

*Burns v. Mammoth Media, Inc.*,
No. CV2004855DDPSKX, 2021 WL 3500964 (C.D. Cal. Aug. 6, 2021)................ 5

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) ...................................................................... 2

*Clapper v. Amnesty Int'l*,
568 U.S. 398 (2013) ................................................................................... *6*

*Cole v. Solairus Aviation LLC*,
No. 25-CV-03035-RFL, 2025 WL 2249740 (N.D. Cal. Aug. 6, 2025) ................ 19

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ................................................................................... 7

*DeBellis v. Woodit*,
728 F. Supp. 3d 330 (D. Md. 2024) ............................................................... 9

*Dent v. Nat'l Football League*,
968 F.3d 1126 (9th Cir. 2020)...................................................................... 14

*Doe v. Call-On-Doc, Inc.*
No. 24CV2095-GPC(KSC), 2025 WL 1677632 (S.D. Cal. June 13, 2025) ........... 8,9

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) .......................................................... 14

*Doe v. X Corp.*,
No. 25-CV-07597-TLT, 2025 WL 3500543, at *4 (N.D. Cal. Nov. 6, 2025) .......... 10,11,12

*Dudum v. Arntz*,
*640 F.3d 1098, 1101 n. 6 (9th Cir.2011)* ....................................................... 13

*Endurance Am. Specialty Co. v. Lance-Kashian & Co.*,
 No. CV F 10-1284 LJO BAM, 2011 WL 5417103 (E.D. Cal. Nov. 8, 2011) ........... 18

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011)...................................................................... 14

*Garland v. Dunkin Donuts LLC*,
No. 23-CV-06621-SI, 2024 WL 2808653 (N.D. Cal. May 31, 2024) ................... 8

*Giles v. Gen. Motors Acceptance Corp.*,
494 F.3d 865 (9th Cir. 2007)....................................................................... 20

*Gunn v. Minton*,
568 U.S. 251 (2013) ............................................................................................ 2

*Guzman v. Polaris Indus. Inc.*,
49 F.4th 1308 (9th Cir. 2022) .......................................................................... 19

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ......................................................................... 22

*Harrill v. Emanuel Med. Ctr.*,
No. 2:23-CV-01672-DC-CKD, 2025 WL 1635428 (E.D. Cal. June 9, 2025) ...................... 18

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) ............................................................................................ 7

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) ................................................. *passim*

*In re Ambry Genetics Data Breach Litig.*,
567 F. Supp. 3d 1130 (C.D. Cal. 2021) ........................................................... 20

*In re Accellion, Inc. Data Breach Litig.*,
No. 5:21-CV-01155-EJD, 2024 WL 333893 (N.D. Cal. Jan. 29, 2024) ............................ 14,19

*In re Apple Processor Litig.*,
2023 WL 5950622 (9th Cir. Sept. 13, 2023) .................................................... 19

*In re Cupertino Electric Inc. Litigation*,
No. 5:23-CV-04007-BLF (N.D. Cal. Aug. 14, 2024) ...................................... *4*

*In re Illuminate Educ. Data Sec. Incident Litig.*,
No. SACV221164JVSADSX, 2023 WL 3158954 (C.D. Cal. Apr. 19, 2023) ................. *passim*

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012) ............................................................. 16

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) .......................................................................................... 7

*Jones v. Gen. Elec. Co.*,
2019 WL 1599183 (N.D. Cal. Apr. 15, 2019) ................................................ 17

*Kamm v. California City Dev. Co.*,
509 F.2d 205, 207 (9th Cir. 1975) ................................................................... 21

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. 2025) ............................................................ 4

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

*Kirsten v. California Pizza Kitchen, Inc.,*
No. 2:21-CV-09578-DOC-KES, 2022 WL 1843140 (C.D. Cal. Mar. 31, 2022) ................ *4,22*

*Kisil v. Illuminate Educ., Inc.,*
No. 23-4114, 2025 WL 2589000 (9th Cir. Sept. 8, 2025) .................................... *4,6*

*Krottner v. Starbucks Corp.,*
406 F. App'x 129 (9th Cir. 2010) ................................................... 16

*Landon v. TSC Acquisition Corp.,*
No. 2:23-CV-01377-SVW-PD, 2024 WL 5317240 (C.D. Cal. Nov. 1, 2024) ................... 16

*Larry Pearl v. Coinbase Global, Inc.,*
No. 22-CV-03561-MMC, 2024 WL 3416505 (N.D. Cal. July 15, 2024) .......................... 21

*Lewis v. Casey,*
518 U.S. 343 (1996). ............................................................... 3

*Lin v. Solta Med., Inc.,*
No. 21-CV-05062-PJH, 2021 WL 5771140 (N.D. Cal. Dec. 6, 2021) ............................ passim

*Lujan v. Defs. of Wildlife,*
504 U.S. 555 (1992) ............................................................... 3

*Lueras v. BAC Home Loans Servicing, LP,*
221 Cal. App. 4th 49 (2013) ....................................................... 15

*McBride v. Boughton,*
123 Cal. App. 4th 379 (2004) ...................................................... 20

*McKinnon v. Dollar Thrifty Auto. Grp., Inc.,*
No. 12-4457 SC, 2013 WL 791457 (N.D. Cal. Mar. 4, 2013) ............................... 3

*Medoff v. Minka Lighting, LLC,*
No. 2:22-CV-08885-SVW-PVC, 2023 WL 4291973 (C.D. Cal. May 8, 2023) .................. *4*

*Melendres v. Arpaio,*
784 F.3d 1254 (9th Cir. 2015) ...................................................... 3

*Mendiondo v. Centinela Hosp. Med. Ctr.,*
521 F.3d 1097 (9th Cir. 2008) ...................................................... 14

*Mikulsky v. Noom, Inc.,*
682 F. Supp. 3d 855 (S.D. Cal. 2023) ............................................... 5

*Moody v. Rodriguez,*
No. 18CV1110-WQH-AGS, 2022 WL 5236820 (S.D. Cal. Oct. 4, 2022) ....................... 16

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

*Moledina v. Marriott Int'l, Inc.,*
635 F. Supp. 3d 941 (C.D. Cal. 2022)..................................................................7

*Morales v. Conifer Revenue Cycle Sols., LLC,*
No. 2:23-CV-01987-AB-AGR, 2025 WL 1096396 (C.D. Cal. Mar. 31, 2025) .................. *17*

*Morrison v. Yippee Ent., Inc.,*
No. 24-7235, 2025 WL 2389424, at *1 (9th Cir. Aug. 18, 2025) .......................................11

*Murray v. Connecticut Coll.,*
 No. 3:24-CV-01099-MPS, 2025 WL 2712664 (D. Conn. Sept. 23, 2025)........................5

*Nelson v. Murphy,*
44 F.3d 497 (7th Cir. 1995).............................................................................21

*Oberstein v. Live Nation Ent., Inc.,*
60 F.4th 505, 515 (9th Cir. 2023).....................................................................11

*Oganyan v. Biolife Plasma Servs. L.P.,*
No. 1:25-CV-00099-KES-SKO, 2025 WL 2979619 (E.D. Cal. Oct. 22, 2025)..................5

*O'Handley v. Padilla,* 579 F. Supp. 3d 1163 (N.D. Cal. 2022),
*aff'd sub nom. O'Handley v. Weber,* 62 F.4th 1145 (9th Cir. 2023).....................................2

*Panavision Int'l. L.P. v. Toeppen,*
141 F.3d 1316 (9th Cir.1998)...........................................................................9

*Patent Scaffolding Co. v. William Simpson Const. Co.,*
256 Cal.App.2d 506 (1967)............................................................................18

*Peralta v. Certified Emp. Screening Inc.,*
No. 8:24-CV-02779-FWS-KES, 2025 WL 1723142 (C.D. Cal. May 7, 2025)..................19

*Pinnacle Emp. Servs., Inc. v. Pinnacle Holding Co., LLC,*
No. 222CV01367KJMCKD, 2023 WL 2999970 (E.D. Cal. Apr. 18, 2023) ......................8

*Prutsman v. Nonstop Admin. & Ins. Servs., Inc.,*
No. 23-CV-01131-VC, 2023 WL 5257696 (N.D. Cal. Aug. 16, 2023)...............................21

*Popa v. Microsoft Corp.,*
2025 WL 2448824 (9th Cir. Aug. 26, 2025)......................................................3

*Quick Dispense, Inc. v. Vitality Foodservice, Inc.,*
No. 8:23-CV-02322-FWS-ADS, 2025 WL 576589 (C.D. Cal. Feb. 5, 2025).....................17

*Quinalty v. FocusIT LLC,*
No. CV-23-00207-PHX-JJT, 2024 WL 342454 (D. Ariz. Jan. 30, 2024) ..........................21,22

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

*Quokka Sports, Inc. v. Cup Int'l Ltd.*,
99 F. Supp. 2d 1105 (N.D. Cal. 1999) .................................................................. 9

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ............................................................................ 7

*Riordan v. W. Digital Corp.*,
No. 21-CV-06074-EJD, 2024 WL 2868152  (N.D. Cal. June 5, 2024) ............... 14

*Ruiz v. Gap, Inc.*,
622 F. Supp. 2d 908 (N.D. Cal. 2009), *aff'd*, 380 F. App'x 689 (9th Cir. 2010).................. 18

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004).................................................................. *passim*

*Shah v. Cap. One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025) .............................................................. 16

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016), *as revised* (May 24, 2016) ............................................... 2

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020)............................................................................... 19

*Starr Indem. & Liab. Co. v. Rolls-Royce Corp.*,
725 F. App'x 592 (9th Cir. 2018) ........................................................................ 7

*Stasi v. Inmediata Health Grp. Corp.*,
501 F. Supp. 3d 898 (S.D. Cal. 2020) ................................................................ 18

*Sywula v. Teleport Mobility, Inc.*,
652 F. Supp. 3d 1195 (S.D. Cal. 2023) ............................................................... 2

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007)................................................................................ 8

*TransUnion LLC v. Ramirez*, 594 U.S. 413  (2021)............................................ *3,22*

*Tyson Foods, Inc. v. Bouaphakeo*,
577 U.S. 442 (2016) ........................................................................................... 22

*Yei A. Sun v. Adv. China Healthcare, Inc.*,
901 F.3d 1081, 1086 (9th Cir. 2018) ................................................................. 12

*Williams v. Yamaha Motor Co. Ltd.*,
851 F.3d 1015 (9th Cir. 2017)............................................................................. 8

*World Surveillance Grp. Inc. v. La Jolla Cove Invs., Inc.*,

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

66 F. Supp. 3d 1233 (N.D. Cal. 2014) ............................................................... 20

**RULE**

Federal Rule of Civil Procedure 8(a)(2) ............................................................ *9*

Federal Rule of Civil Procedure 12(b)(1) ................................................ *passim*

Federal Rule of Civil Procedure 12(b)(2) ................................................ *passim*

Federal Rule of Civil Procedure 12(b)(6) ................................................ *passim*

Federal Rule of Civil Procedure 12(f) ...................................................... *passim*

Federal Rule of Civil Procedure 23(c)(1) ......................................................... 17

Federal Rule of Civil Procedure 23(d)(1)(D) .................................................... 17

**STATUTE**

15 U.S.C. § 45 .................................................................................................... 11

28 U.S.C. § 1404(a) ................................................................................... *passim*

California Civil Code § 1605 .............................................................................. 13

California Civil Code § 1621 .............................................................................. 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

David Ramirez ("Plaintiff") filed a putative class lawsuit against Plex, Inc. ("Plex" or "Defendant") after he was allegedly notified that the email, username, and/or securely hashed password associated with his free Plex account was potentially exposed in a data security incident. However, the lawsuit must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim because the aforementioned information is not legally protected and cannot be used by a third party to commit identity theft or fraud. Alternatively, the lawsuit must be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction because Plex is a Delaware corporation that lacks minimum contacts in California. Alternatively, the putative class allegations must be stricken pursuant to Rule12(f) because the putative class definition similarly includes uninjured putative class members and therefore Plaintiff fails to comply with Rule 23. Alternatively, the lawsuit should be transferred pursuant to 28 U.S.C. § 1404(a) because the parties do not reside in California and Plaintiff consented to the forum selection clause within Plex's terms of service.

### II.    STATEMENT OF RELEVANT FACTS

Plaintiff alleges that "Plex is a corporation that provides [free] video and streaming services to customers across the United States" via its website, https://www.plex.tv/ (the "Website"). *See* Complaint, ¶¶ 2, 18, fn. 1. Plaintiff alleges that he is a "resident [ ] and citizen of Tampa, Florida" and has been a "customer of Plex's streaming services since 2023[.]" *See id*, ¶ ¶16, 81. Plaintiff alleges that on September 8, 2025, Plex posted an announcement on its Website that:

> An unauthorized third party accessed a limited subset of customer data…[I]nformation that was accessed included emails, usernames, securely hashed passwords and authentication data[1] [collectively the "Sign-In Credentials"]

---

[1] Within the Notice Letter, the term "authentication data" refers to only the email, username, and/or securely hashed password associated with an individual's free Plex account. *See* Declaration of Angelo Spenillo, ¶ 5.

-1-

Any account passwords that may have been accessed were securely hashed, in accordance with best practices, meaning they cannot be read by a third party…Rest assured that we do not store credit card data on our servers, so this information was not compromised in this incident.

We've already addressed the method that this third party used to gain access to the system, and we're undergoing additional reviews to ensure that the security of all of our systems is further strengthened to prevent future attacks.

(the "Notice Letter"). *See Id.*, ¶ 23. Plaintiff does not allege any instance of identity theft or fraud attributable to the incident, nor can he as only the Sign-In Credentials were potentially compromised.

### III.    THE LAWSUIT MUST BE DISMISSED PURSUANT TO RULE 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF LACKS ARTICLE III STANDING TO SUE.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by [the] Constitution[.]" *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "Article III, Section 2 of the Constitution limits federal courts to hearing actual cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016), *as revised* (May 24, 2016). "Under Rule 12(b)(1), a party may move to dismiss a claim based on lack of subject matter jurisdiction, including the absence of standing." *Sywula v. Teleport Mobility, Inc.,* 652 F. Supp. 3d 1195, 1208 (S.D. Cal. 2023) (*citing Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1123 (9th Cir. 2010)). "Rule 12(b)(1) attacks on standing can be…factual, permitting the court to look beyond the complaint." *O'Handley v. Padilla,* 579 F. Supp. 3d 1163, 1178 (N.D. Cal. 2022), *aff'd sub nom. O'Handley v. Weber,* 62 F.4th 1145 (9th Cir. 2023). "When addressing a factual attack…courts may consider evidence like declarations submitted by the parties, and the party opposing the motion to dismiss the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Id*. Here, Plex brings a factual attack.

A "plaintiff invoking federal jurisdiction bears the burden of establishing the irreducible constitutional minimum of standing by demonstrating (1) an injury in fact, (2) fairly traceable to the

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." *Id.*, at 330. (internal citation omitted). "[S]tanding is not dispensed in gross." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431, (2021) (internal citation omitted). Rather, a plaintiff "must demonstrate standing for each claim that [he] press[es] and for each form of relief that [he] seek[s]." *Id.* "In a [putative] class action lawsuit, the court considers only the named plaintiff['s] standing prior to class certification." *Abellard v. Stretto, Inc*. No. 8:24-CV-01030-FWS-JDE, 2025 WL 1674265, at *3 (C.D. Cal. Apr. 25, 2025) (*citing Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015)). The plaintiff "must allege and show [he] personally ha[s] been injured, not that injury has been suffered by other, unidentified members of the [putative] class to which…[he] purport[s] to represent." *Lewis v. Casey*, 518 U.S. 343, 347 (1996). A "[p]laintiff[ ] in a putative class action who lack standing to bring certain claims cannot litigate those claims on behalf of those not present." *McKinnon v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-4457 SC, 2013 WL 791457, at *6 (N.D. Cal. Mar. 4, 2013).

Here, "[P]laintiff[ ] fail[s] to allege a concrete injury in fact and therefore lack[s] constitutional standing to pursue [his] claims in federal court**.**" *I.C. v. Zynga, Inc.,* 600 F. Supp. 3d 1034, 1055 (N.D. Cal. 2022). As explained below, "not every data breach creates a concrete injury, particularly where, as here, the information allegedly stolen has not be shown to be either so private that a reasonable person would be offended if exposed or so sensitive that it could be enough to commit identity theft." *Id*.

### A.    Plaintiff lacks Article III standing to sue because the Sign-In Credentials do not constitute legally protected or sensitive information and cannot be used by a third party to commit identity theft or fraud.

An injury in fact is "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In the context of data breach litigation, the Ninth Circuit recently held that it "do[es] not recognize a free-roaming common law right to privacy." *Kisil v. Illuminate Educ., Inc.,* No. 23-4114, 2025 WL 2589000, at *1 (9th Cir. Sept. 8, 2025) ("*Illuminate II*"); *see also Popa*

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD. SUITE 1070
SANTA MONICA, CA 90401

*v. Microsoft Corp.*, 2025 WL 2448824, at *6 (9th Cir. Aug. 26, 2025) (same). "[A] plaintiff cannot simply assert statutory or common law actions that are supposedly injuries in themselves to obtain standing; they must still demonstrate how the intangible harm from the statutory violation or tortious conduct is sufficiently closely related to a traditionally recognized harm." *Id.* "The mere fact that [a] plaintiff['s] PII has been stolen does not amount to a concrete injury for which the court can provide a remedy." *Kirsten v. California Pizza Kitchen, Inc.,* No. 2:21-CV-09578-DOC-KES, 2022 WL 1843140, at *3 (C.D. Cal. Mar. 31, 2022). Indeed, "stolen data alone does not confer standing." *In re Cupertino Electric Inc. Litigation*, No. 5:23-CV-04007-BLF, ECF No. 69, at pg. 21 (N.D. Cal. Aug. 14, 2024). "Otherwise, every data breach (or any situation in which one loses control of information) would confer standing, regardless of whether private information is exposed." *Zynga,* 600 F. Supp. 3d 1034, 1050. Rather, in analyzing standing in the context of "data breach cases, courts must examine the nature of the specific information at issue to determine whether privacy interests were implicated at all." *Id.*; *see also Medoff v. Minka Lighting, LLC,* No. 2:22-CV-08885-SVW-PVC, 2023 WL 4291973, at *5 (C.D. Cal. May 8, 2023) ("district courts in the Ninth Circuit have primarily focused on the nature of the information that was stolen in determining whether a plaintiff faces an imminent risk of harm.").

Here, Plaintiff primarily alleges that he suffered an injury in fact in the form of "loss of privacy" and "risk of fraud [and] identity theft[.]" *See Id.*, ¶ ¶ 28, 91. However, "Plaintiff [ ] ha[s] not alleged the disclosure of information that implicates a legally protected privacy interest." *Khamooshi v. Politico LLC,* 786 F. Supp. 3d 1174, 1182 (N.D. Cal. 2025). Similarly, Plaintiff "[does] not allege a real and immediate credible threat of harm related to the information leaked in the Data Breach." *In re Illuminate Educ. Data Sec. Incident Litig.,* No. SACV221164JVSADSX, 2023 WL 3158954, at *3 (C.D. Cal. Apr. 19, 2023) ("*Illuminate I*"). Indeed, the information potentially exposed in the incident included only Sign-In Credentials (emails, usernames, securely hashed passwords). *See* Complaint, ¶ 23. Furthermore, the Notice letter states that because the "account passwords…were securely hashed…they cannot be read by a third party." *Id*. Courts have continuously dismissed similar data privacy lawsuits where identical information was potentially exposed. For instance, in *Zynga*, a court within the Northern District of California held that:

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

1

2

> Given the nature of the information at issue, the Court agrees with [defendant] and finds that the risk of harm…is too conjectural such that they cannot qualify as concrete injuries of fact. For one thing, the Court questions whether criminals would be able to use e-mail addresses, [defendant] usernames and [defendant] passwords,…even collectively, to commit identity theft.

3

4

*Id.*, 600 F. Supp. 3d 1034, 1052–53 (N.D. Cal. 2022); *see also Oganyan v. Biolife Plasma Servs.*

5

*L.P.,* No. 1:25-CV-00099-KES-SKO, 2025 WL 2979619, at *3 (E.D. Cal. Oct. 22, 2025)

6

(dismissing data breach lawsuit for lack of Article III standing because "[c]ourts have held that there

7

is no legally protected privacy interest in…such relatively quotidian private information as an email

8

address."); *Mikulsky v. Noom, Inc.,* 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) (same, holding that

9

"basic contact information, such as [an] email address…does not bear a close relationship to harms

10

traditionally recognized as providing a basis for lawsuits in American courts."); *Burns v. Mammoth*

11

*Media, Inc.,* No. CV2004855DDPSKX, 2021 WL 3500964, at *2 (C.D. Cal. Aug. 6, 2021) (same,

12

where information potentially compromised included only name, username, email address, account

13

creation date, gender, account user ID number, encrypted password, access token, authorization

14

token, Facebook ID, country, time zone, Apple idfa, and date account was last updated); *Illuminate*

15

*II,* 2025 WL 2589000, at *1 (same, affirming district court's dismissal order where information

16

potentially compromised included only "grades, socio-economic disadvantage status, and special

17

education information.").

18

   In short, "the complaint is…a cookie-cutter…[that] appear[s] to have been repackaged for

19

this case with little effort or attention to detail." *Murray v. Connecticut Coll.,* No. 3:24-CV-01099-

20

MPS, 2025 WL 2712664, at *10 (D. Conn. Sept. 23, 2025). Notably, the complaint contains "lots

21

of filler about FTC regulations and general allegations" that are irrelevant to this matter. For

22

instance, Plaintiff devotes a substantial portion of the complaint alleging the importance of

23

protecting "Social Security numbers and sensitive medical information", which are not alleged to

24

be part of the incident. *See* Complaint,  ¶¶ 23, 43-53. Furthermore, Plaintiff alleges that the "PII

25

exposed in the Data Breach can enable criminals to commit a litany of crimes", including "open[ing]

26

new financial accounts", "take out loans", and "use…health information to craft…other hacking

27

attacks based on…individual health needs[.]" *See Id.*, ¶ 9. Notwithstanding, Plaintiff "make[s] no

28

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

DEFENDANT PLEX, INC.'S NOTICE OF MOTION TO DISMISS THE PUTATIVE CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE THE PUTATIVE CLASS ACTION COMPLAINT

connection between the…information leaked and the harms alleged[.]" *Illuminate I,* 2023 WL 3158954, at *3. A "highly attenuated chain of possibilities does not support an allegation that harm is substantial or imminent." *Black v. IEC Grp., Inc.,* No. 1:23-CV-00384-AKB, 2025 WL 2418799, at *5 (D. Idaho Aug. 21, 2025) (*citing Clapper v. Amnesty Int'l,* 568 U.S. 398, 410 (2013)). "Where a plaintiff makes unsubstantiated claims as to how an independent actor may misuse information, that speculation does not show a substantial risk of harm." *Id.* (*citing Clappe*r, 568 U.S. 414 n. 5. Accordingly, the lawsuit must be dismissed.

**B.    Plaintiff is not subject to future risk of identity theft or fraud and therefore lacks Article III standing to sue based upon his alternative injury in fact theories.**

Here, Plaintiff alleges in the alternative that he suffered an injury in fact in the form of (i) "mitigation expenses and time" responding to the Plex incident; (ii) "diminution of value" to his information; (iii) "loss of benefit of the bargain"; and (iv) "anxiety, annoyance, and nuisance[.]"*See* Complaint,  ¶¶ 10,91. However,  "[t]hese [alleged] injuries can only qualify as concrete injuries in fact when they are based on a risk of harm that is either certainly impending or substantial." *Zynga,* 600 F. Supp. 3d 1034, 1052 (listing cases). "In the absence of an impending or substantial harm, additional harms incurred become the type of self-inflicted injuries that cannot confer standing." *Medoff*, 2023 WL 4291973, at *5 (*citing Clapper,* 568 U.S. 398, 416). Here, as explained above, "Plaintiff [ ] ha[s] not alleged the disclosure of information that implicates a legally protected privacy interest." *Khamooshi,* 786 F. Supp. 3d 1174, 1182 (N.D. Cal. 2025). Similarly,  Plaintiff "[does] not allege a real and immediate credible threat of harm related to the information leaked in the Data Breach." *Illuminate I,* 2023 WL 3158954, at *3. Accordingly, the lawsuit must be dismissed because Plaintiff's alternative damages theories cannot give rise to Article III standing.

**IV.    THE LAWSUIT MUST BE DISMISSED PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION BECAUSE (A) PLAINTIFF IS A RESIDENT OF FLORIDA; (B) PLEX IS A FULLY REMOTE CORPORATION REGISTERED IN DELAWARE; AND (C) PLEX HAS NO MINIMUM CONTACTS IN CALIFORNIA.**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction [pursuant to Rule 12(b)(2)], the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "In determining

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

whether [personal] jurisdiction exists, the court may consider evidence introduced by declaration or affidavit." *Moledina v. Marriott Int'l, Inc.,* 635 F. Supp. 3d 941, 947 (C.D. Cal. 2022). "For the exercise of personal jurisdiction over a defendant, due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Id.* As explained below, the Court lacks personal jurisdiction under each category, warranting dismissal of the lawsuit.

### A.    The Court lacks general personal jurisdiction because Plex is a fully remote corporation that is registered in Delaware.

"In order for [there to be] general jurisdiction…the defendant's contacts with the forum state must be so continuous and systematic as to render the defendant essentially at home in the forum state." *Baton v. Ledger SAS,* 740 F. Supp. 3d 847, 891 (N.D. Cal. 2024) (*citing Daimler AG v. Bauman,* 571 U.S. 117, 118 (2014)). "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler*, 571 U.S. 117, 118. Only in an "exceptional case will general jurisdiction be available anywhere else." *Ranza,* 793 F.3d 1059, 1069. "A corporation's principal place of business, or its nerve center, is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Lin v. Solta Med., Inc.,* No. 21-CV-05062-PJH, 2021 WL 5771140, at *6 (N.D. Cal. Dec. 6, 2021) (*citing Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010)). "The nerve center is not simply an office in which the corporation conducts business; the nerve center is the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* "Indeed, a corporation's principal place of business is generally its headquarters, where the top officers are located." *Id.* (*citing Starr Indem. & Liab. Co. v. Rolls-Royce Corp.*, 725 F. App'x 592, 593 (9th Cir. 2018)).

Here, "Plaintiff's pleadings make no mention of [D]efendant['s] systematic or continuous contacts with any state." *See Lin*, 2021 WL 5771140, at *3; *see also* Complaint, *generally*. "The

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

only allegations in [the] complaint regarding [D]efendant['s] ties to California" are that "Defendant's principal place of business is in California" and it "also regularly conducts substantial business in California." *See Lin*, 2021 WL 5771140, at *3; Complaint, ¶¶ 14, 17. However, "mere bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (internal citation omitted). Simply put, "[b]y failing to make any showing beyond a few sparse allegations, [P]laintiff[ ] ha[a] not met [his] burden to show this Court has personal jurisdiction over [D]efendant." *Garland v. Dunkin Donuts LLC*, No. 23-CV-06621-SI, 2024 WL 2808653, at *4 (N.D. Cal. May 31, 2024); *see also Pinnacle Emp. Servs., Inc. v. Pinnacle Holding Co., LLC*, No. 222CV01367KJMCKD, 2023 WL 2999970, at *5 (E.D. Cal. Apr. 18, 2023) ("Plaintiffs' general statement that [defendant] provides services in California is unsupported by specific factual allegations, and thus does not satisfy their pleading burden."). In contrast to Plaintiff's "bare bone assertions", Plex is a fully remote corporation that is registered in Delaware. *See* Declaration of Angelo Spenillo, ¶ 6. Plex does not have any physical offices or headquarters in California. *See Id*. Accordingly, the lawsuit must be dismissed for lack of personal jurisdiction.

**B.    Plaintiff make no allegation that the Court has specific personal jurisdiction.**

"[A] court may exercise specific jurisdiction over a defendant only where the defendant's suit-related conduct create a substantial connection with the forum [s]tate." *Doe v. Call-On-Doc, Inc*. No. 24CV2095-GPC(KSC), 2025 WL 1677632, at *5 (S.D. Cal. June 13, 2025) (*citing Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017)). In analyzing whether there is specific personal jurisdiction, the Ninth Circuit has adopted the following test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger,* 374 F.3d 797, 802 (internal citation omitted). "The plaintiff bears the burden of

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

1    satisfying the first two prongs of the test." *Id*. "If the plaintiff fails to satisfy either of these prongs,

2    personal jurisdiction is not established in the forum state." *Id*.

3         Here, Plaintiff does not allege that the court has specific personal jurisdiction. *See*

4    Complaint, ¶¶ 13-15. Rather, Plaintiff solely relies on the allegation that the "court has general

5    personal jurisdiction", which as explained above is legally deficient. *See Id*., ¶ 14. Furthermore, the

6    Court lacks specific personal jurisdiction because Plaintiff concedes that at all times relevant hereto

7    he was a "resident [ ] and citizen of Tampa, Florida." *See id,* ¶ 16. "[B]ecause Plaintiff has not

8    plausibly alleged that [he] was in California when [he used] Defendant's website, [he] has not

9    satisfied prong two[.]" *Call-On-Doc, Inc*., 2025 WL 1677632, at *6; *see also Bristol-Myers Squibb*

10   *Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017) (holding that non-resident plaintiffs "do not

11   claim to have suffered harm" in California, and therefore, there was an insufficient nexus between

12   the non-resident plaintiff's claims against non-resident defendant). Simply put, this "case[ ]

13   involve[s] non-resident plaintiff[ ] suing a non-resident defendant based on an [alleged] injury that

14   occurred outside the forum state." *DeBellis v. Woodit*, 728 F. Supp. 3d 330, 343 (D. Md. 2024).

15   "The interstate federalism considerations…weigh against the exercise of jurisdiction." *Id*.

16   "Something more than maintaining a website is required to indicate purposeful activity directed

17   towards the forum state", which Plaintiff fails to allege. *Quokka Sports, Inc. v. Cup Int'l Ltd.,* 99 F.

18   Supp. 2d 1105, 1111 (N.D. Cal. 1999) (*citing Panavision Int'l. L.P. v. Toeppen,* 141 F.3d 1316, 1321

19   (9th Cir.1998)). Accordingly, the lawsuit must be dismissed for lack of personal jurisdiction.

20   **V.    SHOULD THE COURT DETERMINE THAT THERE IS SUBJECT MATTER**

21   **JURISDICTION AND PERSONAL JURISDICTION, THEN THE LAWSUIT**
     **SHOULD BE TRANSFERRED TO A DIFFERENT DISTRICT PURSUANT 28**

22   **U.S.C. § 1404 BECAUSE (A) THE PARTIES DO NOT RESIDE IN CALIFORNIA**
     **AND (B) PLAINTIFF CONSENTED TO THE FORM SELECTION CLAUSE**

23   **WITHIN PLEX'S TERMS OF SERVICE.**

24        Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other

25   district or division where it might have been brought or to any district or division to which all parties

26   have consented." *Id*. Accordingly, as explained below, should the Court determine that there is

27   subject matter and personal jurisdiction, the lawsuit should then be transferred because the parties

28   do not reside in California and Plaintiff consented to the forum selection clause within Plex's terms

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

of service.

### A. Plaintiff agreed to the forum selection clause within Plex's terms of service, which encompasses her claims.

"[A] forum-selection clause…may be enforced through a motion to transfer under § 1404(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). "Before the court can apply federal law to the interpretation and enforcement of a forum selection clause…it must…determine whether a forum selection clause exists." *Kedkad v. Microsoft Corp.*, No. 13-cv-0141, 2013 WL 4734022, at *3 (N.D.Cal. Sept. 3, 2013). "Federal courts apply state-law principles of contract formation." *Doe v. X Corp.,* No. 25-CV-07597-TLT, 2025 WL 3500543, at *4 (N.D. Cal. Nov. 6, 2025). "Under California law, [an] online agreement may be an enforceable contract based on inquiry notice if (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.* (*citing Berman v. Freedom Financial Network*, LLC, 30 F.4th 849, 855 (9th Cir. 2022)).

Here, Plaintiff alleges that he last accessed the Website in September 2025 and provided "his username [and] password" to sign into his Plex account. *See* Complaint, ¶¶ 2, 5, 81. Accordingly, Plaintiff was presented with the below screen:



DEFENDANT PLEX, INC.'S NOTICE OF MOTION TO DISMISS THE PUTATIVE CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE THE PUTATIVE CLASS ACTION COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

1
2   (the "Sign-In Page"). *See* Declaration of Ricardo Castro, ¶¶ 6-10. As illustrated above, each of the
3   above *Berman* factors are met.
4       As to the first *Berman* factor, "[n]otice is reasonably conspicuous if it is displayed in a font
5   size and format such that the court can fairly assume that a reasonably prudent Internet user would
6   have seen it." *Morrison v. Yippee Ent., Inc.,* No. 24-7235, 2025 WL 2389424, at *1 (9th Cir. Aug.
7   18, 2025). "Here, the hyperlink [to the Terms of Service] appeared in [bold black] font against a
8   clean white background that stood out from the surrounding text to indicate it was clickable." *Id.*
9   "The hyperlink [to the Terms of Service] was also located directly above the [Sign-In] button—
10  precisely where a user would expect it within the natural visual path of completing the…process."
11  *Id.* "The format of [Plex's] webpage was also not so visually cluttered that it distracted from the
12  hyperlink." *Id.* "In addition to these visual features, the context of the transaction further
13  demonstrates that the [Terms of Service] were reasonably conspicuous." *Id.*, at *2. Indeed, "[a]
14  reasonable user subscribing to [Plex's] recurring streaming service would have contemplate[d] some
15  sort of continuing relationship that prompted scrutiny of the website for any contractual obligations
16  or terms." *Id.* "Thus, under the totality of the circumstances…[Plex's] notice was reasonably
17  conspicuous." *Id.*
18
19      "The second part of the [*Berman*] test—whether the user takes some action that
20  unambiguously manifests assent—is relatively straightforward." *Oberstein v. Live Nation Ent., Inc.,*
21  60 F.4th 505, 515 (9th Cir. 2023) "A user's click of a button can be construed as an unambiguous
22  manifestation of assent…if the user is explicitly advised that the act of clicking will constitute assent
23  to the terms and conditions of an agreement." *Id.* (internal citation omitted). "That is to say, the
24  notice must inform the user of the legal significance of the action [he] must take to enter into a
25  contractual agreement." *X Corp*, 2025 WL 3500543, at *6 (internal citation omitted). Here, there
26  can be no doubt that Plaintiff knew the significance of pressing the "Sign In" button within the Sign-

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

1   In Page, as the text directly above it states that by "continuing to use Plex you confirm that you've

2   read and accept the Terms of Service[.]" *See* Declaration of Ricardo Castro, ¶¶ 6-10. As the *Berman*

3   test has been met, the forum selection clause within the Terms of Service is enforceable. To that

4   end, "[f]orum-selection clauses covering disputes relating to a particular agreement apply to any

5   disputes that reference the agreement or have some logical or causal connection to the agreement."

6   *Yei A. Sun v. Adv. China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (internal citation

7   omitted). "The dispute need not grow out of the contract or require interpretation of the contract in

8   order to relate to the contract." *Id.* Here, at all times since Plaintiff last accessed the Website in

9   September 2025, Plex's Terms of Service stated that:

> By using or otherwise accessing the Plex website…or any related Plex service(s) (collectively, the "Plex Solution"), you accept and agree to the following Terms of Service (this "TOS"). Plex…is willing to license and permit use of the Plex Solution subject at all times to agreement with this TOS. If you do not agree to this TOS, do not use the Plex Solution.
>
> [ ]
>
> *Choice of law and Forum*…This TOS has been made in and will be construed and enforced in accordance with the laws of the State of Delaware as applied to agreements entered into and completely performed in the State of Delaware…**[A]ny action arising from or in any way related to the Plex Solution, your use of or access to the Plex Solution**, or this TOS will be brought in the courts presiding in the state of Delaware, and all parties to this TOS expressly agree to be subject to the jurisdiction of such courts…

 *See* Declaration of Ricardo Castro, ¶¶ 5, 10. Here, Plaintiff alleges that his claims arise from the

services Plex provides on its Website. *See* Complaint, generally. "Thus, the forum selection clause

encompasses Plaintiff's claims" and the lawsuit must be transferred to the United States District

Court for the District of Delaware. *X Corp.,* 2025 WL 3500543, at *7.

     **B.**    **Even if the forum selection clause is not enforceable, the lawsuit should still be transferred to a different district because the parties do not reside in California.**

"In the typical case not involving a forum-selection clause, a district court considering a §

1404(a) motion…must evaluate both the convenience of the parties and various public-interest

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

considerations."*Atl. Marine*, 571 U.S. 49, 62. "Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*, at 63, n. 6 (internal citation omitted). "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. (internal citation omitted). Here, as explained above, the private-interest factors favor a transfer because the parties are not residents of California, and the alleged events did not occur in California. Rather, Plex is registered in Delaware and Plaintiff is a resident of Tampa, Florida. Accordingly, the District of Delaware or the Middle District of Florida would be a more appropriate venue. The public-interest factors also favor a transfer to the aforementioned venues. Indeed, as of June 30, 2025, there were 2,279 pending cases in the District of Delaware, 8,606 pending cases in the Middle District of Florida, and 14,477 pending cases in the Northern District of California. [2] There is a "public interest in expeditious resolution of litigation", and this interest would be served by preserving this Court's precious resources and transferring this lawsuit to a district that has less pending cases. *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir.1984).

**VI.    SHOULD THE COURT DETERMINE THAT THERE IS SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND PROPER VENUE, THEN THE LAWSUIT MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM BECAUSE (I) THE SIGN-IN CREDENTIALS DO NOT CONSTITUTE LEGALLY PROTECTED INFORMATION; (II) PLAINTIFF FAILS TO ALLEGE PLEX BREACHED A COMMON LAW, CONTRACTUAL, OR STATUTORY DUTY; AND (III) PLAINTIFF FAILS TO ALLEGE THAT HE SUFFERED LEGALLY RECOGNIZED DAMAGES.**

---

[2] https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison0630.2025.pdf . A court "may take judicial notice of official information posted on a governmental website, the accuracy of which [is] undisputed." *Dudum v. Arntz,* 640 F.3d 1098, 1101 n. 6 (9th Cir.2011).

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* "A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6)." *Riordan v. W. Digital Corp.,* No. 21-CV-06074-EJD, 2024 WL 2868152, at *2 (N.D. Cal. June 5, 2024). "Dismissal under Rule 12(b)(6) is appropriate…where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted); *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."). Rather, conclusory allegations "must be supported by factual allegations[.]" *Id*., at 679. And the Court does not need to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Here, as explained below,  each of the five pled causes of action contain a myriad of legal conclusions and fail to state a claim for relief, further warranting dismissal under Rule 12(b)(6).

**A.    Plaintiff's negligence per se claim is legally deficient because (i) it is not recognized as an independent cause of action; and (ii) the Federal Trade Commission Act does not contain a private right of action.**

"Under California law, negligence per se is not a separate cause of action, but a negligence claim analyzed under the per se doctrine." *Doe v. Meta Platforms, Inc.,* 690 F. Supp. 3d 1064, 1086 (N.D. Cal. 2023) (*citing Dent v. Nat'l Football League*, 968 F.3d 1126, 1130 (9th Cir. 2020)). Accordingly, "Plaintiff[ ]  may not maintain negligence per se as a standalone claim alongside [his] negligence claim." *In re Accellion, Inc. Data Breach Litig*., No. 5:21-CV-01155-EJD, 2024 WL 333893, at *9 (N.D. Cal. Jan. 29, 2024).

"Under [the negligence per se] doctrine, the standard of care can be established by a statute, and a defendant's [alleged] violation of that statute can give rise to a presumption that it failed to

exercise due care where that [alleged] violation proximately caused an injury, the injury resulted from something the statute was designed to prevent, and the person who was injured was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." *Doe*, 690 F. Supp. 3d 1064, 1086 (internal citation omitted). "To properly allege a negligence per se claim, "Plaintiff[ ] must demonstrate that the statute allegedly violated allows for a private cause of action." *Baton*, 740 F. Supp. 3d 847, 912 (internal citation omitted). Furthermore, "the basic elements of a negligence claim…must still be alleged." *Id*. Here, Plaintiff premises his negligence per se "cause of action" based upon a violation of Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45) ("FTCA" or "FTC Act"). *See* Complaint, ¶¶ 126-133.  However, "[t]he FTCA does not permit a private cause of action, and district courts do not permit negligence *per se* claims to hinge on the FTCA." *Baton*, 740 F. Supp. 3d 847, 912 (listing cases). Additionally, Plaintiff conclusory alleges that "Plex had duties arising under the FT[C]A" and he is a "consumer [ ] within the class of persons that Section 5 of the FTCA were intended to protect." *See* Complaint, ¶¶ 126, 129. Notwithstanding, this fails to satisfy his Rule 8(a)(2) pleading requirements. *See Iqbal* 556 U.S. 662, 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). As such, "Count II" of the Complaint must be dismissed.[3]

**B.    Plaintiff's negligence claim is legally deficient because (i) Plex did not owe Plaintiff a common law duty to protect his Sign-In Credentials; and (ii) Plaintiff fails to allege that he suffered legally recognized damages as a result of the incident.**

Under California law, "[t]o state a cause of action for negligence, a plaintiff must allege (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013). Here, Plaintiff's negligence claim must be dismissed

---

[3] Even if the Court were to analyze the "doctrine" of negligence per se as part of the negligence "cause of action", it is still legally deficient because, as explained below, Plaintiff fails to allege appreciable, nonspeculative damages.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

1  for failure to state a claim because he fails to plead each of the aforementioned elements.

2         1.    *Plaintiff fails to allege breach of duty.*

3         Plaintiff alleges that a "duty of care to use reasonable security measures arose because of the

4  special relationship that existed between Defendant and Plaintiff…, which is recognized by laws

5  and regulations including but not limited to the FTCA, state statutory law, and common law." *See*

6  Complaint, ¶¶ 126-133. To that end, "[w]hen determining whether a valid duty exists, California

7  courts turn to several factors, including the foreseeability of harm to the plaintiff, the degree of

8  certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's

9  conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of

10 preventing future harm, the extent of the burden to the defendant and the consequences to the

11 community of imposing a duty to exercise care with resulting liability for breach, and the

12 availability, cost, and prevalence of insurance for the risk involved." *Shah v. Cap. One Fin. Corp.,*

13 768 F. Supp. 3d 1033, 1045 (N.D. Cal. 2025). Here, analyzing the above factors, Plaintiff fails to

14 allege how he (as a free user) and Plex (as an online streaming provider) have a "special relationship"

15 that gives rise to a duty of care, especially where only the Sign-In Credentials were collected. *See*

16 Complaint, *generally*.

17        2.    *Plaintiff fails to allege actual, nonspeculative damages.*

18        In addition to Article III's injury in fact requirement, a plaintiff "must still [also] plead

19 sufficient allegations to satisfy the damages requirement for his negligence cause of action." *Landon*

20 *v. TSC Acquisition Corp.,* No. 2:23-CV-01377-SVW-PD, 2024 WL 5317240, at *6 (C.D. Cal. Nov.

21 1, 2024) (*citing Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010)).  "Under

22 California law, appreciable, nonspeculative, present harm is an essential element of a negligence

23 cause of action." *Id*. (internal citation omitted); *see also Moody v. Rodriguez,* No. 18CV1110-WQH-

24 AGS, 2022 WL 5236820, at *4 (S.D. Cal. Oct. 4, 2022) ("In the absence of actual damage…nominal

25 damages are not awarded because damages are necessary to a cause of action in negligence.")

26 (internal citation omitted). In the context of data breach litigation, "[t]he breach of a duty causing

27 only speculative harm or the threat of future harm does not normally suffice to create a cause of

28 action for negligence." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,* 903 F.

Supp. 2d 942, 962–63 (S.D. Cal. 2012) (internal citations omitted). Here, "none of Plaintiff['s] alleged harms are sufficiently alleged." *Morales v. Conifer Revenue Cycle Sols., LLC,* No. 2:23-CV-01987-AB-AGR, 2025 WL 1096396, at *5 (C.D. Cal. Mar. 31, 2025). Indeed, "as discussed above, the types of data that Plaintiff[ ] allege[s] might have been accessed are not among the types of data that the Ninth Circuit recognizes as" legally protected information. *Id.* Accordingly, "[d]espite pleading numerous putative injuries, Plaintiff [ ] fail[s] to plead any actual, nonspeculative damages, so [he] fail[s] to state a claim for negligence." *Id.*, at *5.; *see also Medoff*, 2023 WL 4291973, at *9 (in the context of data breach litigation, dismissing negligence claim for failure to allege appreciable, nonspeculative damages). "[T]he economic loss rule also bars Plaintiff['s] claim for negligence" because "[i]n actions for negligence under California law, liability is limited to damages for physical injuries and recovery of economic loss is not allowed." *Id.* "Plaintiff[ ] fail[s] to sufficiently allege any cognizable non-economic loss." *Id.*

**C.     Plaintiff's breach of implied contract is legally deficient because (i) Plex did not owe Plaintiff a contractual duty to protect his Sign-In Credentials; and (ii) Plaintiff fails to allege that he suffered legally recognized damages as a result of the incident.**

Under California law, "[t]o state a claim for breach of an implied contract, the plaintiff must allege: (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Quick Dispense, Inc. v. Vitality Foodservice, Inc.,* No. 8:23-CV-02322-FWS-ADS, 2025 WL 576589, at *2 (C.D. Cal. Feb. 5, 2025) (internal quotations omitted). Here, Plaintiff's breach of implied contract claim must be dismissed for failure to state a claim because he fails to plead each of the aforementioned elements.

1.     *Plaintiff fails to allege the existence of a contractual duty.*

Under California law, am implied contract is one where "the existence and terms [of an implied contract] are manifested by conduct." California Civil Code § 1621. An "implied…contract requires proof of the same elements necessary to evidence an express contract: mutual assent or offer and acceptance, consideration, legal capacity and lawful subject matter." *Quick Dispense*, 2025 WL 576589, at *2. A "plaintiff must provide enough factual content to support the plausible inference that the implied contract existed." *Jones v. Gen. Elec. Co.*, 2019 WL 1599183, at *2 (N.D.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

Cal. Apr. 15, 2019) (internal citation omitted). "Consideration consists of a benefit bestowed or a detriment suffered as bargained for by the parties." *A.J. Industries, Inc. v. Ver Halen*, 75 Cal. App. 3d 751, 761 (1977); *see also* California Civil Code § 1605. "A statutory or legal obligation to perform an act may not constitute consideration for a contract." *Endurance Am. Specialty Co. v. Lance-Kashian & Co.*, No. CV F 10-1284 LJO BAM, 2011 WL 5417103, at *17 (E.D. Cal. Nov. 8, 2011). Indeed, "[d]oing or promising to do what one already is legally bound to do cannot be consideration for a promise." *Id.*

Here, Plaintiff alleges that he was required to provide his "PII" to Plex, and therefore the parties "entered into [an] implied contract[ ]" by which Plex "agreed to safeguard and protect such information[.]" *See* Complaint, ¶ 139. However, this allegation contradicts those provided in the negligence claim, where Plaintiff alleges that Plex had pre-existing "duties under the FT[C]A to protect [his] PII." *See id*., ¶¶ 114, 126-130. "Rather than alleging any kind of consideration, Plaintiff alleges that supplying Defendant[ ] with user data in exchange for services was sufficient to establish an implied in fact contract…That allegation is insufficient to support a claim for breach of implied contract." *Harrill v. Emanuel Med. Ctr.*, No. 2:23-CV-01672-DC-CKD, 2025 WL 1635428, at *11 (E.D. Cal. June 9, 2025).

### 2. *Plaintiff fails to allege actual, nonspeculative damages.*

"Under California law, a breach of contract claim requires a showing of appreciable and actual damage." *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 917 (N.D. Cal. 2009), *aff'd*, 380 F. App'x 689 (9th Cir. 2010); *see also Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) (same). "A breach of contract without damage is not actionable." *Patent Scaffolding Co. v. William Simpson Const. Co.*, 256 Cal.App.2d 506, 511 (1967). "Nominal damages and speculative harm do not suffice to show legally cognizable damage under California contract law." *B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1067 (C.D. Cal. 2024) (*citing Ruiz*, 622 F. Supp. 2d 908, 917). "The standard for damages under California contract law may be higher than that for negligence claims." *Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 920 (S.D. Cal. 2020) (*citing Aguilera*, 223 F.3d 1010, 1015). Here, "none of Plaintiff['s] alleged harms are sufficiently alleged." *Morales*, 2025 WL 1096396, at *5. Indeed, "as discussed above, the types of data that

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

DEFENDANT PLEX, INC.'S NOTICE OF MOTION TO DISMISS THE PUTATIVE CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE THE PUTATIVE CLASS ACTION COMPLAINT

1    Plaintiff[ ] allege[s] might have been accessed are not among the types of data that the Ninth Circuit

2    recognizes as" legally protected information. *Id*. Accordingly, "Plaintiff[ ] do[es] not allege a

3    cognizable theory of damages… with respect to [his] contract claim." *Eisenhower,* 721 F. Supp. 3d

4    1056, 1068.

**D.    Plaintiff's unjust enrichment claim is legally deficient because (i) it is not**
5        **recognized as an independent cause of action; and (ii) Plaintiff fails to allege**
6        **that he has no adequate legal remedy.**

7        "California law does not recognize unjust enrichment as a standalone cause of action[.]"

8    *Cole v. Solarius Aviation LLC,* No. 25-CV-03035-RFL, 2025 WL 2249740, at *4 (N.D. Cal. Aug.

9    6, 2025) (*citing Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). Rather,

10   "[t]he remedy for an unjust enrichment claim is equitable restitution." *In re Accellion,*713 F. Supp.

11   3d 623, 648. "For a district court to have equitable jurisdiction, the plaintiff must have no adequate

12   legal remedy." *Id*. (*citing Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022); *Sonner*

13   *v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)). Here,

14           Plaintiff[ ] allege[s] that "Plaintiffs and Class Members have no adequate remedy at
15       law." [*See* Complaint, ¶ 156.] But the court is "not bound to accept as true a legal
         conclusion couched as a factual allegation," and thus…this allegation [is] insufficient
16       to adequately allege an inadequate remedy at law. *Iqbal*, 555 U.S. at 679…Nor is
         Plaintiff['s] allegation that the unjust enrichment "count is pleaded in the alternative
17       to Plaintiff['s] breach of implied contract claim" sufficient to save the claim. [*See*
         Complaint, ¶ 160.] The argument that a plaintiff is "permitted to plead equitable
18       remedies in the alternative…has been explicitly rejected by numerous courts post-
         *Sonner*." *Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *4 (C.D. Cal. Dec.
19       14, 2022) (collecting cases); *Diaz v. Georgia Pac. Corrugated LLC*, 2022 WL
         20689543, at *3 (C.D. Cal. Oct. 27, 2022) ("Diaz argues that he may plead his claim
20       for equitable relief in the alternative, but that argument was foreclosed by *Sonner*.").

21

22   *Peralta v. Certified Emp. Screening Inc.,* No. 8:24-CV-02779-FWS-KES, 2025 WL 1723142, at *7

23   (C.D. Cal. May 7, 2025); *see also Cole,* 2025 WL 2249740, at *4 (in the context of data breach

24   litigation, dismissing unjust enrichment claim because "[plaintiff] does not plead that she lacks an

25   adequate legal remedy or explain in other way why restitution is necessary to afford full relief."); *In*

26   *re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (affirming dismissal

27   under *Sonner* because plaintiffs  "fail[ed] to explain how the money they seek through restitution is

28   any different than the money they seek as damages"); *Anderson v. Apple Inc.,* 500 F. Supp. 3d 993,

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

DEFENDANT PLEX, INC.'S NOTICE OF MOTION TO DISMISS THE PUTATIVE CLASS ACTION COMPLAINT, OR IN
THE ALTERNATIVE, MOTION TO STRIKE THE PUTATIVE CLASS ACTION COMPLAINT

1009 (N.D. Cal. 2020) (same). Furthermore, Plaintiff's claim is deficient because he fails to allege how Plex was unjustly enriched. Indeed, "[a] person is enriched if the person receives a benefit at another's expense[.]" *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004). "The fact that one person benefits another is not, by itself, sufficient to require restitution." *Id*. Here, Plaintiff signed up for a *free* Plex account. *See* Declaration of Angelo Spenillo, ¶ 4. Accordingly, even viewing Plaintiff's unjust enrichment claim as an equitable remedy, it must be dismissed.

        **E.**    **Plaintiff's breach of fiduciary duty claim is legally deficient because a special relationship did not exist among the parties.**

Under California law, [t]o allege breach of fiduciary duty, a plaintiff must show (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Eisenhower,* 721 F. Supp. 3d 1056, 1069. "A fiduciary relationship is a special circumstance in which the fiduciary assumes duties beyond those of mere fairness and honesty and must undertake to act on behalf of the beneficiary, giving priority to the best interest of the beneficiary." *World Surveillance Grp. Inc. v. La Jolla Cove Invs., Inc.,* 66 F. Supp. 3d 1233, 1235 (N.D. Cal. 2014). "The obligation to put the interests of the other party first is why a fiduciary relationship generally does not arise out of ordinary arms-length business dealings." *Id.* "[T]raditional examples of fiduciary relationships include those of trustee/beneficiary, corporate directors and majority shareholders, business partners, joint adventurers, and agent/principal." *In re Ambry Genetics Data Breach Litig.,* 567 F. Supp. 3d 1130, 1145 (C.D. Cal. 2021). Here, "Plaintiff[ ] ha[s] failed to allege sufficient facts to establish a fiduciary relationship between [himself] and Defendant[.]" *Id.* "Plaintiff[ ] simply allege[s] that Defendant[ ] collected [his] information…This is not a situation where the parties have a special relationship." *Id.* (*citing Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 883 (9th Cir. 2007) (finding no special relationship between plaintiff car dealership operators and representative from defendant wholesale car financer, even though plaintiffs alleged that they placed a "special trust" or "special confidence" in the representative, because the relationship was "a standard friendly but arms-length business relationship"). "Rather, Plaintiff[ ] [allegedly] entered into an arms-length…relationship with Defendant[ ], which is insufficient to create a fiduciary duty even though Plaintiff[ ] [allegedly]

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD. SUITE 1070
SANTA MONICA, CA 90401

DEFENDANT PLEX, INC.'S NOTICE OF MOTION TO DISMISS THE PUTATIVE CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE THE PUTATIVE CLASS ACTION COMPLAINT

entrusted Defendant[ ] with [his]…information as part of the relationship." *Id.; see also Prutsman v. Nonstop Admin. & Ins. Servs., Inc.,* No. 23-CV-01131-VC, 2023 WL 5257696, at *1 (N.D. Cal. Aug. 16, 2023) ("The plaintiffs' sole allegation in support of their claim for breach of fiduciary duty is that [defendant] became a fiduciary by its undertaking and guardianship of the PHI/PII…This is nowhere near adequate to allege the existence of a fiduciary duty, and so Count III must be dismissed.").

**VII.    SHOULD THE COURT DETERMINE THAT THERE IS SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND PROPER VENUE, THEN THE PUTATIVE CLASS ALLEGATIONS MUST BE STRICKEN PURSUANT TO RULE 12(F) BECAUSE THE PUTATIVE CLASS DEFINITION (I) IS OVERLY BROAD; (II) INCLUDES UNINJURED PUTATIVE CLASS MEMBERS THAT LACK ARTICLE III STANDING; AND (III) FAILS TO SATISFY THE RULE 23 REQUIREMENTS.**

Pursuant to Rule 12(f) a court "may strike from any pleading ... any redundant, immaterial, impertinent, or scandalous mater." *Id*. Pursuant to Rule 23(d)(1)(D), a court may require "that the pleadings be amended to eliminate allegations about representation of absent persons." *Id*. Pursuant to Rule 23(c)(1), "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." *Id*. A "[p]rompt decision…is imperative…so that the parties know whose interests are at issue[.]" *Nelson v. Murphy,* 44 F.3d 497, 500 (7th Cir. 1995). Applying this discretion, "[d]istrict courts have the authority to strike class allegations at the pleading stage where the class as defined in the complaint cannot be certified." *Larry Pearl v. Coinbase Global, Inc.,* No. 22-CV-03561-MMC, 2024 WL 3416505, at *2 (N.D. Cal. July 15, 2024) (*citing Kamm v. California City Dev. Co.,* 509 F.2d 205, 207 n.3, 212–14 (9th Cir. 1975)). "Several district courts in this district have found that it was appropriate to strike an overly broad proposed class at the motion to dismiss stage." *Baton,* 2024 WL 3447511, at *15 (listing cases); *see also Quinalty v. FocusIT LLC,* No. CV-23-00207-PHX-JJT, 2024 WL 342454, at *3 (D. Ariz. Jan. 30, 2024); *In re Cupertino*, No. 5:23-cv-04007-BLF, ECF No. 69 (N.D. Cal. Aug. 14, 2024).

In *In re Cupertino*, plaintiffs attempted to define the putative class definition to include "[a]ll natural persons residing in the United States whose personal identifiable information (PII) was

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

41511337.1:12373-0088

-21-

DEFENDANT PLEX, INC.'S NOTICE OF MOTION TO DISMISS THE PUTATIVE CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE THE PUTATIVE CLASS ACTION COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD. SUITE 1070
SANTA MONICA, CA 90401

1   compromised as a result of the Data Breach suffered by Defendant…and announced by

2   Defendant[.]" *Id*., pg. 20-21. However, in striking the putative class allegations, a court within the

3   Northern District of California held that:

> 4   Critically, Plaintiffs do not allege additional harm to the class beyond their data being
> 5   compromised, and thus do not allege whether or how other class member's personal
>     information was misused or how they responded to the breach. Thus, as alleged,
> 6   Plaintiffs' claims are not "typical of the claims or defense of the class." *Hanlon v.*
>     *Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998). There are simply too many
> 7   variations in injury, causation, and damages among the class members to permit
>     certification as alleged. Furthermore, the class definition is made worse by the chorus
> 8   of post-*TransUnion* holdings that stolen data alone does not confer standing.
>     *California Pizza Kitchen,* 2022 WL 1843140, at *3 ("The mere fact that Plaintiffs'
> 9   PII has been stolen does not amount to a concrete injury for which the Court can
>     provide a remedy."); *Perkins,* 2022 WL 16637993, at *4 ("the risk of increased future
> 10  harm is not sufficient to establish standing post *TransUnion*"). As such, the Court
>     finds that Plaintiffs have not adequately alleged typicality.

11

12  *See id*. Likewise, in *Quinalty*, the court struck the class allegations for lack of typicality where the

13  putative class definition included "[a]ll individuals residing in the United States whose PII was

14  compromised in the Data Breach announced by Defendant[.]" *Id*., 2024 WL 342454, at *3.

15  Crucially, the court held that "[p]laintiffs d[id] not allege the [c]lass suffered actual identity theft"

16  and therefore "[did] not allege[ ] sufficient facts to establish standing for the [c]lass." *Id*.

17       Similar to *Quinalty* and *In re Cupertino,* here Plaintiff attempts to define the putative class

18  to include "[a]ll persons in the United States whose Private Information was compromised in the

19  Defendant's Data Breach announced to the public on or about September 8, 2025." *See Complaint*,

20  ¶ 93. However, Plaintiff does not allege any harm to the putative class beyond the Sign-In

21  Credentials to their free Plex account being potentially compromised. *See* complaint, *generally*.

22  Accordingly, the putative class definition is overly broad because "stolen data alone does not confer

23  standing." *In re Cupertino,* 5:23-CV-04007-BLF, ECF No. 69, at pg. 21; *see also Illuminate II,* 2025

24  WL 2589000, at *1 (the Ninth Circuit holding that it "do[es] not recognize a free-roaming common

25  law right to privacy."). As "[e]very class member must have Article III standing**,**" the putative class

26  allegations must be stricken. *TransUnion*, 594 U.S. 413, 431 (*citing Tyson Foods, Inc. v.*

27  *Bouaphakeo*, 577 U.S. 442, 466 (2016)).

28

1

## VIII.  CONCLUSION

2       For the reasons stated above, Plex respectfully requests that this Court dismiss the lawsuit in

3 its entirety pursuant to Rule 12(b). Alternatively, Plex respectfully requests that this Court transfer the

4 lawsuit to the District of Delaware or Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

5 Alternative, Plex respectfully requests that this Court strike the putative class allegations pursuant to

6 Rule 12(f) and 23. Plex further respectfully requests all other relief as this Court deems just and

7 equitable.

8

9 DATED:  January 22, 2026          **WOOD, SMITH, HENNING & BERMAN LLP**

10

11

12                 By:      */s/ Michelle Zhu*

                           MICHELLE ZHU (SBN 347741)

13                      SEAN V. PATEL

                      (*Pro Hac Vice Admission Forthcoming*)

14                      CHRISTOPHER J. SEUSING

                      (*Pro Hac Vice Admission Forthcoming*)

15                      ***Attorneys for Defendant, PLEX, INC.***

16

17

18

19

20

21

22

23

24

25

26

27

28

*WOOD, SMITH, HENNING & BERMAN LLP*
*401 WILSHIRE BLVD, SUITE 1070*
*SANTA MONICA, CA 90401*

DEFENDANT PLEX, INC.'S NOTICE OF MOTION TO DISMISS THE PUTATIVE CLASS ACTION COMPLAINT, OR IN
THE ALTERNATIVE, MOTION TO STRIKE THE PUTATIVE CLASS ACTION COMPLAINT

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on this 22nd day of January, 2026, I electronically filed the foregoing

3  **DEFENDANT PLEX, INC.'S NOTICE OF MOTION TO DISMISS THE PUTATIVE**

4  **CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE THE**

5  **PUTATIVE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, MOTION TO**

6  **TRANSFER VENUE; AND MEMORANDUM OF POINTS AND AUTHORITIES** with the

7  Clerk of the Court using the CM/ECF system which will send notification of such filing to the

8  following:

| 9  Michael Francis Ram, Esq. | **Attorneys for Plaintiff, DAVID RAMIREZ** |
|---|---|
| **MORGAN & MORGAN** | |

9   Michael Francis Ram, Esq.

10  **MORGAN & MORGAN**
    Complex Litigation

11  711 Van Ness Avenue, Suite 500
    San Francisco, CA 94102

12  Tel: 415-358-6913
    mram@forthepeople.com

13

14  John A. Yanchunis, Esq.
    *(Admitted Pro Hac Vice)*

15  Ronald Podolny, Esq.
    *(Admitted Pro Hac Vice)*

16  **MORGAN & MORGAN, P.A.**
    201 N. Franklin Street, 7th Floor

17  Tampa, FL 33602
    Tel: 813-223-5505

18  jyanchunis@fortheprople.com
    ronald.podolny@forthepeople.com

19

20

21

22

23      *Teresa Cabanday*
        Teresa Cabanday

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CA 90401

41511337.1:12373-0088                    -24-