UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAMIREZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>PLEX, INC.,<br><br>                    Defendant. | Case No. 25-cv-07884-NW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 30 |

On September 16, 2025, Plaintiff David Ramirez, individually and on behalf of a similarly situated putative class, filed a complaint against Defendant Plex, Inc.  ECF No. 1.

On January 23, 2026, Defendant moved to dismiss Plaintiff's complaint in its entirety for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim.  ECF No. 30.  Plaintiff's opposition to Defendant's motion to dismiss was originally due on February 6, 2026.  *See* Civ. L. R. 7-3.  On February 2, 2026, Plaintiff filed a motion for an extension of time and asked the Court for leave to file his opposition on March 9, 2026.  ECF No. 32.  Defendant did not file an opposition nor a statement of non-opposition to Plaintiff's motion for extension.[1]

On March 9, 2026, Plaintiff did not file an opposition, and instead filed a second motion for an extension, asking to file by April 8, 2026.  ECF No. 39.  Plaintiff explained that "counsel requires additional time to analyze the Defendant's Motion, investigate the facts, and evaluate appropriate responsive pleadings or potential early case resolution."  *Id*. at 3.  Plaintiff provided no

---

[1] Instead of filing the motion for extension of time as an administrative motion, Plaintiff filed it as a noticed motion, which, per the Civil Local Rules, sets briefing schedule and puts the motion on the "calendar of the assigned Judge for hearing not less than 35 days after filing of the motion." Civ. L. R. 7-2.  As a result, the Court cannot rule on Plaintiff's noticed motion as quickly as the Court would address a stipulation or administrative motion.

information about why the requested extension was proportional to the stated need of "time to analyze the Defendant's Motion," especially given that the motion had already been pending for 45 days. *See* Civ. L. R. 6-2(a). Again, Defendant did not file an opposition or statement of non-opposition.

On April 27, 2026, the Court issued an Order stating that "[t]he parties have failed to meet the original court deadlines and their proposed extended deadlines. As a courtesy, Plaintiff has until April 30, 2026, to file an opposition to Defendants Motion to Dismiss. Defendant shall file any reply by May 7, 2026." ECF No. 40. The Court additionally reset the April 29, 2026 motion hearing to June 10, 2026. *Id.* Plaintiff did not file an opposition by April 30, 2026, nor as of the date of this Order, leaving Defendant's motion to dismiss unopposed.[2]

Plaintiff has had over three months to file an opposition and has failed to do so. Accordingly, the Court GRANTS Defendant's motion to dismiss and VACATES the motion hearing set for June 10, 2026.

Plaintiff is further ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to prosecute. *See* Federal Rule of Civil Procedure 41(b). If Plaintiff opposes the order to show cause, by no later than **Friday, May 15, 2026**, Plaintiff must file an opposition and serve it on Defendant. If Plaintiff fails to timely file an opposition, the Court will dismiss this action with prejudice. A hearing on the order to show cause is set for **Wednesday, May 27, 2026, at 10:00 a.m.** in Courtroom 3, 5th Floor, Federal Courthouse, 280 South First Street, San Jose, California. Plaintiff must appear at the hearing in person; no remote appearances will be permitted.

**IT IS SO ORDERED.**

Dated: May 4, 2026

Noël Wise
United States District Judge

---

[2] Plaintiff has failed to contact the Court to request a further extension or explain what good cause, if any, prevented Plaintiff from timely opposing Defendant's motion.